# IN THE COURT OF APPEALS OF IOWA

No. 24-0912
Filed June 18, 2025

IN RE THE MARRIAGE OF MEGAN A. PAULDING
AND REED A. KAHLER

Upon the Petition of
MEGAN A. PAULDING,
        Petitioner-Appellee,

And Concerning
REED A. KAHLER,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, Colleen Weiland, Judge.

        A father appeals the denial of his petition for modification of child custody and physical care.  **AFFIRMED.**

        Susan M. Hess of Hammer Law Firm, PLC, Dubuque, for appellant.

        Michael J. Lanigan of Law Office of Michael Lanigan, Waterloo, for appellee.

        Considered without oral argument by Tabor, C.J., Schumacher, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**TABOR, Chief Judge.**

Reed Kahler appeals the district court's denial of his petition to modify the child custody and physical care provisions of the decree dissolving his marriage to Megan Paulding. Reed and Megan are the parents of a minor son, M.A.K., born in 2017. They married in November 2020. Around three months later, they separated because of Reed's substance use and criminal charges for domestic abuse assault, felony stalking, possession of marijuana, and violations of no-contact orders. Reed pleaded guilty to those charges and went to prison. Also based on those charges, the court issued a criminal no-contact order prohibiting all contact between Reed and M.A.K. and all but telephone contact between Reed and Megan.

Megan petitioned for dissolution of marriage in May 2021. While Reed was incarcerated, the parties entered a stipulation granting Megan sole legal custody and physical care of M.A.K.; Reed's visitation was at Megan's discretion. The district court approved the stipulation and incorporated its terms in the December 2021 dissolution decree.

In June 2023, Reed sought joint legal custody and shared physical care of M.A.K. In his petition, Reed asserted "there have been material and substantial changes in circumstances" including his release from prison, his residence in Black Hawk County, and his full-time employment. The matter proceeded to trial in February 2024.[1] Megan and Reed testified, as did Reed's mother and grandmother, and the mother of his two older children. Reed renewed his request

---

[1] By the trial date, Reed had not seen M.A.K. for three years.

for joint legal custody and asked the court to grant him parenting time with M.A.K. on the same schedule as his visitation with his older children.[2] The court held a separate hearing on modification of the no-contact order in March 2024.

The court denied Reed's petition to modify the custody and physical care provisions. In its May 2024 ruling, the court commended Reed's "progress and efforts" towards maintaining sobriety and "genuinely addressing behavioral issues since he was released from prison." But the court also gave "considerable weight [to] the pattern and history of Reed's criminal offenses." From there, the court reasoned that Reed's record of "periods of sobriety followed by relapse and intense escalation of dangerous behavior cuts against his current successes." Thus, the court concluded:

> [A]s it stands right now, the court cannot find by a preponderance of the evidence that the change in circumstances is material—specifically that Reed's positive changes have not yet been shown to be long-term—or that resuming the parent-child relationship would be in M.A.K.'s best interests. In particular, the court doesn't find sufficient cause to terminate or modify the no contact order, which is a complete barrier to any modifications of the custodial orders.

On appeal, Reed argues that the district court erred in finding no substantial change in circumstances warranting modification to joint legal custody and a "set parenting schedule." He contends that he "demonstrated a substantial change in circumstances including his release from prison, sobriety, and residence in close proximity to Megan." And he claims that the court "only considered the

---

[2] At trial, Reed agreed that he was "okay with Megan continuing to have primary care" of M.A.K. He also agreed that he would support the court imposing "supervised visits for the first few visits."

circumstances prior to the entry of the Stipulation, which included relapse events and events that warranted a no contact order be put in place."

After reviewing the district court's thorough rendition of the facts,[3] we agree with its conclusion that Reed failed to prove a substantial or material change in circumstances because his "positive changes have not yet been shown to be long-term." *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). And we agree that the criminal no-contact order—in effect until May 2026—prevents modifying the custody and physical care provisions of the decree for now. Thus, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

Finally, Megan requests $2360 in appellate attorney fees.[4] An award of appellate attorney fees rests within our discretion. *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). We consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* (citation omitted). After carefully considering these factors, we decline Megan's request.

**AFFIRMED.**

---

[3] We review custody modification rulings de novo. *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). We give weight to the district court's findings of fact but are not bound by them. *Id.*

[4] Megan's counsel did not submit an attorney-fee affidavit.